**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN J. WOODS, JR., | ) | CASE NO. 5:11CV565 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| STATE OF OHIO, et al., | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the court is defendants State of Ohio and Ohio Governor John R. Kasich's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Doc. 6.) Plaintiff Brian Woods has filed a brief in opposition (Docs. 7, 15), and defendants have filed a reply brief (Doc. 9). This matter is ripe for disposition. For the reasons stated as follows, the motion is **GRANTED** and this case is **DISMISSED** without prejudice.

**I.    BACKGROUND**

Plaintiff Brian J. Woods, an 18-year-old resident of the City of Akron, Ohio, filed this *pro se* action challenging the constitutionality of two Ohio statutes that place limitations on the purchase, sale, and furnishing of handguns by and to persons under the age of twenty-one. Ohio Rev. Code §§ 2923.211(B), 2923.21(A)(3)-(2). Plaintiff seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 against the State of Ohio and Ohio Governor John Kasich on two counts: Count I claims that the statutes violate his right to keep and bear arms under the Second Amendment to the U.S. Constitution; and Count II claims that these age restrictions

1

violate the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution by discriminating against eighteen, nineteen, and twenty-year olds.

The Complaint alleges that Mr. Woods desires to own a handgun for self-defense, but because of the aforementioned Ohio statutes, he fears arrest, criminal prosecution, incarceration and a fine if he were to possess a handgun. (Compl. ¶ 21.) Mr. Woods asserts that Ohio's statutory scheme is unconstitutional under recent United States Supreme Court precedent because it prevents law-abiding, responsible adult citizens between the ages of 18 and 20 from fully exercising their fundamental right to keep and bear arms. (Id. ¶¶ 2-5) (citing *Dist. Of Columbia v. Heller*, 544 U.S. 570, 128 S. Ct. 2783 (2008); *McDonald v. Chicago*, 130 S. Ct. 3020 (2010)).

Defendants moved to dismiss the Complaint (Doc. 6) arguing that: (1) this Court lacks subject matter jurisdiction because plaintiff's claims against the state and the governor in his official capacity are barred by the Eleventh Amendment; and (2) plaintiff fails to state a claim for relief under the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. As outlined more fully below, the Court finds defendants' first ground well taken. Accordingly, because the Eleventh Amendment bars this action, the Court must dismiss this case for want of jurisdiction and will not address the merits of plaintiff's claims.

## II. STANDARD OF REVIEW

Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). *See also, DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it

becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). *See also, Kusens v. Pascal Co.,* 448 F.3d 349, 359 (6th Cir. 2006).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied,* 513 U.S. 868, 115 S. Ct. 188, 130 L. Ed. 2d 121 (1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.,* 623 F. Supp. 2d 910, 914 (N.D. Ohio 2008). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie,* 15 F.3d at 598; *Moir,* 895 F.2d at 269; *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1135 (6th Cir. 1996). Here, defendants have raised a factual attack against plaintiffs' Complaint.

### III. DISCUSSION

Defendants argue that all of Mr. Woods' claims are barred by the Eleventh Amendment to the United States Constitution and must be dismissed for lack of jurisdiction. The Eleventh Amendment prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. State of La.,* 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842(1890); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-99, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). The State of Ohio has not consented to suit in federal court. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Eleventh Amendment immunity flows to state officials sued in their official

capacity because such a suit is in fact an action against the State. *Brandon v. Holt,* 469 U.S. 464, 471, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). Furthermore, it is well established that Section 1983 does not abrogate Eleventh Amendment Immunity. *Hamilton's Bogarts, Inc. v. State of Mich.*, 501 F.3d 644, n. 8 (6th Cir. 2007) (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 65–71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Consequently, absent the consent of the State of Ohio, Woods suit against the state and the Governor are barred by Eleventh Amendment immunity.

Woods urges that the exception to Eleventh Amendment immunity established by the United States Supreme Court in *Ex parte Young* permits his suit against the Governor. In *Ex Parte Young*, the Court held that the Eleventh Amendment does not bar suits seeking injunctive relief against state officers charged with an ongoing violation of federal law. 209 U.S. 123, 150-57, 28 S. Ct. 441, 52 L. Ed. 714 (1908). *Ex Parte Young*, however, only "abrogates a state official's Eleventh Amendment immunity when a suit challenges the constitutionality of a state official's *action*." *Children's Healthcare Is A Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) (emphasis added). The Sixth Circuit has held that this standard requires that the state official threaten and be about to commence proceedings in order for the exception to apply. *Id.* "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* at 1416. Thus, when a state official has no connection to the enforcement of a statute, and therefore, no duty to a plaintiff, he is properly dismissed as a defendant. *Id.* at 1416-18. (reversing trial court's holding that the Ohio Attorney General has no Eleventh Amendment immunity, and holding that the Ex Parte Young exception did not apply when the Attorney General had not connection to the enforcement of the statute at issue); *accord* Nat'l Audubon Soc'y, Inc. v. Davis, 307 F.3d 835, 847 (9th Cir. 2002) (holding

4

suit against state governor barred where there was no showing that he had any enforcement connection to the state's fish and game code).

Here, Governor Kasich has no connection with the enforcement of Ohio Rev. Code § 2923.21 and Ohio Rev. Code § 2923.211. Ohio law confers enforcement of criminal provisions, such as these, upon county prosecutors. *See* Ohio Rev. Code § 309.085(A). Further, Woods has not alleged that Governor Kasich has threatened and is about to commence proceedings to enforce the same. *Deters*, 92 F.3d at 1415; *cf. Young*, 209 U.S. at 161 (finding that Attorney General was amenable to suit for injunctive relief where he was charged with the duty of enforcing the statutory duties at issue and had actually initiated enforcement proceedings).

The "mere fact that [the] governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute." *Akron Ctr. For Reprod. Health v. Rosen*, 633 F. Supp. 1123, 1129 (N.D. Ohio 1986) (holding Eleventh Amendment barred suit against Ohio Governor and Attorney General because enforcement of the challenged criminal statute was clearly delegated to prosecuting attorneys). *See also*, *Brown v. Strickland*, No. 2:10CV166, 2010 WL 2629878, *3 (S.D. Ohio June 28, 2010) (holding Eleventh Amendment barred suit against Ohio Governor where he had no connection with enforcement of expungement statute); N*at'l Coal. For Students with Disabilities Educ. & Legal Def. Fund v. Taft*, No. C2-00-1300, 2001 WL 1681115 (Sept. 24, 2001 S.D. Ohio) (holding that Ohio Governor was immune from suit under the Eleventh Amendment because he had no statutorily imposed duty to implement National Voters Rights Act, the enforcement of which Ohio law delegates to the Secretary of State).

5

As outlined in Defendants' Reply brief (Doc. 9, at 2-3), the cases cited by plaintiff are inapposite and do not support the application of the *Ex Parte Young* exception in this case.[1] Accordingly, the Court concludes that the *Ex Parte Young* exception to the Eleventh Amendment does not apply with regard to Governor Kasich.

## IV.     CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss (Doc. 6) is **GRANTED**. This case is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated: October 7, 2011

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] The Eleventh Amendment was not at issue in either *Dist. Of Columbia v. Heller*, 544 U.S. 570, 125 S. Ct. 2055 (2008) or *McDonald v. Chicago*, 130 S. Ct. 3020 (2010) because those suits were not brought against states. Nor was the Eleventh Amendment at issue in *United States v. State of Ariz.*, 641 F.3d 339 (9th Cir. 2011), which was a suit filed by the United States government, not a private citizen, against the state of Arizona. Finally, plaintiff filed a notice of supplemental authority (Doc. 15) citing *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011), however, again, in that case, the Eleventh Amendment was not at issue because the suit was not brought against a state.